UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————

№ 25-CV-2211 (RER) (JRC)

————————————

NAQUAN FOSTER

VERSUS

UNITED STATES POSTAL SERVICE

————————————

**MEMORANDUM AND ORDER**

————————————

**RAMÓN E. REYES, JR., District Judge:**

Plaintiff Naquan Foster filed this *pro se* complaint against the United States Postal Service ("USPS") on April 18, 2025. Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted. For the reasons stated below, however, the complaint is dismissed.

**Standard of Review**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*,

1

572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

In addition to requiring sufficient factual matter to state a plausible claim for relief, pursuant to Rule 8 of the Federal Rules of Civil Procedure, the plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal,* 556 U.S. 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). To satisfy this standard, the complaint must, at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted).

Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss an action filed *in forma pauperis* by a non-prisoner if the court determines that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

## Discussion

Plaintiff claims that the events giving rise to his claim occurred at the USPS located in Far Rockaway, Queens. (ECF No. 1 ("Compl.") at 2.) He asserts that the Court has jurisdiction because the crime of forgery was committed. (*Id*. at 4–5). Additionally, he

mentions that he has been "threatened with jail time due to child support not received." (*Id*. at 5). Although the allegations are not clear, it appears that Plaintiff complains of misdirected, lost, or stolen mail that was intended for him, or that he sent to others. Plaintiff seeks monetary damages. (*Id*. at 6). But, here, the Court lacks subject matter jurisdiction because USPS is entitled to sovereign immunity which has not been waived by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80.

### A.  Sovereign Immunity

The USPS is "an independent establishment of the executive branch of the Government of the United States." 39 U.S.C. § 201. The doctrine of sovereign immunity bars federal courts from hearing all suits for monetary damages against the federal government, including its agencies and employees acting in their official capacities, except where sovereign immunity has been waived. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). As a governmental agency, the USPS and its employees are entitled to sovereign immunity. *See Dolan v. USPS*, 546 U.S. 481, 484 (2006) (citing *Postal Service v. Flamingo Industries (USA) Ltd.*, 540 U.S. 736, 741, 124 S.Ct. 1321 (2004)) (citation omitted); *Swint v. U.S. Postal Serv.,* No. 24-CV-7176, 2025 WL 507328, at *1 (S.D.N.Y. Feb. 13, 2025).

### B.  The Federal Tort Claims Act

The FTCA waives sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment. 28 U.S.C. § 1346(b)(1). Congress, however, has carved out certain exceptions to the FTCA's broad waiver of sovereign immunity. The postal matter exception preserves sovereign immunity for "any claim arising out of the loss, miscarriage, or negligent transmission of

3

letters or postal matter." *Raila v. United States*, 355 F.3d 118, 119 (2d Cir. 2004) (citing 28 U.S.C. § 2680(b)). Therefore, to the extent that Plaintiff argues that the USPS failed to mail his child support payments or that the payments arrived late, or that mail sent to him was not delivered, such claims would fall within the postal exception to the FTCA's waiver of sovereign immunity. *McIver v. Postal Inspector General, et al*., No. 24-CV-9095, 2025 WL 1127171, at *1–*2 (S.D.N.Y. Apr. 14, 2025); *Rogers v. DeJoy*, No. 24-CV-7076, 2024 WL 5090827, at *2 (S.D.N.Y. Dec. 10, 2024).

## Conclusion

Accordingly, Plaintiff's complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction as the claims against the USPS are barred by sovereign immunity. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).

The Clerk of Court is respectfully directed to enter judgment, mail a copy of the judgment and this Memorandum and Order to the *pro se* Plaintiff, note the mailing on the docket, and close this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

SO ORDERED.

 /s/ RAMÓN E. REYES, JR.
**RAMÓN E. REYES, JR.**
United States District Judge

Dated: April 23, 2025
       Brooklyn, New York